UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LARRY COOK, ROBERT WEIR, PAUL BLASZYK, THOMAS MCCARTIN, ROBERT BASSETT, and STEVEN HAZZARD, <br> Plaintiffs, <br> v. <br><br> CARL ZEISS MEDITEC, INC., <br> Defendant. | FAIR LABOR STANDARDS ACT COMPLAINT AND COLLECTIVE ACTION AND REQUEST FOR 216(b) NOTICE |

INTRODUCTION

This is a collective action brought under the Fair Labor Standards Act, 29 U.S.C. §207 (a)(1) and 29 U.S.C. §216 (b) seeking unpaid overtime plus statutory damages and attorneys' fees, arising out of the Defendant's misclassification of the Plaintiffs and similarly situated employees, as exempt from overtime obligations under the Fair Labor Standards Act. In fact, the Plaintiffs, along with all similarly situated employees of the Defendant who are nonexempt employees subject to the overtime requirements of the Fair Labor Standards Act.

II. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that it is brought under a Federal Statute, 29 U.S.C. §207(a)(1) and 29 U.S.C. § 216 (b)1 et seq. Venue is appropriate in that one of the Plaintiffs, Larry Cook, performs a substantial amount of his work within the state of Massachusetts, and the Defendant conducts and transacts a substantial portion of its business in the State of Massachusetts.

1

### III. PARTIES

1. The Plaintiff, Larry Cook, is an adult resident of Manchester, New Hampshire.

2. The Plaintiff, Robert Weir, is an adult resident of Hatfield, Pennsylvania.

3. The Plaintiff, Paul Blaszyk, is an adult resident of Scottsville, New York.

4. The Plaintiff, Thomas McCartin, is an adult resident of Horsham, Pennsylvania.

5. The Plaintiff, Robert Bassett, is an adult resident of Pittsburgh, Pennsylvania.

6. The Plaintiff, Steven Hazzard is an adult resident of Columbia Station, Ohio.

7. The Defendant, Carl Zeiss Meditec, Inc. is, on information and belief, a corporation having a principal place of business in Dublin, California.

### IV. FACTS

8. All of the Plaintiffs are or have been employed as field service technicians/engineers for the Defendant, Carl Zeiss Meditec, Inc.

9. Each of the Plaintiffs engages in the primary duties of repairing medical/ophthalmological equipment for the Defendant. Each is assigned geographic territory which constitutes the main area where they perform such repair and maintenance services.

10. The Plaintiffs are similarly situated to numerous other field service technicians/engineers who perform the same or substantially the same work as the Plaintiffs, repairing and maintaining medical and ophthalmological equipment. On information and belief, the Defendant employs approximately eighty (80) individuals who perform this work across the country.

11. All of the Plaintiffs, and other field service technicians/engineers employed by the Defendant performing the work described above have, at all relevant times, been classified as

"nonexempt" meaning that they were paid time and one-half their normal rate of pay for all hours worked greater than 40 hours per week.

12. In September of 2008, the Defendant announced henceforward it was reclassifying each of the Plaintiffs and all other similarly situated field service technicians/engineers, as "exempt" and, therefore, they would no longer receive overtime pay for hours worked beyond 40 in a week.

13. All of the Plaintiffs, and similarly situated field service technicians/engineers regularly work more than 40 hours per week performing their job. Such hours consist of (1) time spent in trouble shooting, analyzing, repairing and maintaining medical and ophthalmological equipment, (2) time spent completing all paperwork necessary to complete, record, and document such repairs and maintenance, and (3) required travel time between assignments, travel to attend required conferences and company meetings.

14. As a result of the Defendant's conduct as set forth above, the Plaintiffs and the class members they represent have not been paid overtime since September of 2008 in violation of the overtime provisions of the Fair Labor Standards Act. Further, the Defendants are not entitled to the benefit of any exemption set forth in that statute.

15. The actions of the Defendant as set forth above are willful violations of the Fair Labor Standards Act.

## V. COLLECTIVE ACTION ALLEGATIONS

16. The named Plaintiffs bring this case on behalf of a class of similarly situated employees. The class so similarly situated are all field service technicians/engineers who are employed by the Defendant who perform the repair and maintenance of medical and ophthalmological equipment.

## COUNT I

### FAIR LABOR STANDARDS ACT U.S.C. §§201 ET SEQ.

18. The actions of the Defendant as set forth above violate the overtime provisions of the Fair Labor Standards Act 29 U.S.C. §§207 (a)(1).

WHEREFORE, the Plaintiffs request this Honorable Court to preliminarily certify this action to proceed as a collective action and to Order Notice under §216(b), to award lost overtime, statutory penalties, attorneys fees, and interest, for the unlawful denial of overtime under the Fair Labor Standards Act, and for such other and further relief as this Court deems just and reasonable.

RESPECTFULLY SUBMITTED,

LARRY COOK, ROBERT WEIR, PAUL BLASZYK, THOMAS MCCARTIN, ROBERT BASSETT, AND STEVEN HAZZARD, Plaintiffs,

By their attorneys,

/s/ Harold L. Lichten
Harold L. Lichten BBO# 549689
Shannon Liss-Riordan BBO#640716
Ian O. Russell BBO#683387
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994 5800