UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LARRY COOK, ROBERT WEIR, PAUL BLASZYK, THOMAS MCCARTIN, ROBERT BASSETT, STEVEN HAZZARD, THOMAS NECAISE, MICHAEL APFFEL AND JEFFREY SMOLIK, Plaintiffs, v. CARL ZEISS MEDITEC, INC., Defendant. | Case No. 1:10-cv-10520-NMG |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CONDITIONAL CERTIFICATION**

**I.  INTRODUCTION**

The nine named Plaintiffs in this action are current and former Field Service Engineers ("FSEs") employed by the Defendant, Carl Zeiss Meditec, Inc. ("CZMI"), who have brought this action as a collective action under the Fair Labor Standards Act on behalf of a national class of approximately 100 FSEs employed, or formerly employed, by CZMI.  Since the filing of this action in March of 2010, more than 30 FSEs, including the named Plaintiffs, have "opted in" to this law suit by filing an opt in form with this Court.  For the last five months, the parties have been engaged in actively attempting to mediate this case, and for that reason, Plaintiffs counsel have held off filing their 216(b) motion.  However, with mediation efforts at an end, the Plaintiffs are promptly moving now for such certification.

1

This case is particularly appropriate for 216(b) collective certification and notice to class members. All of the putative Plaintiffs have been subject to the same uniform corporate policy of exempting all FSEs from the overtime provisions of the FLSA based upon a policy which is applicable to all of the Plaintiffs. Further, the Plaintiffs all perform the same basic function of repairing sophisticated medical equipment, and all have been subject to this same "exemption" policy since 2003 when the Defendant unlawfully changed the status of their FSEs from hourly to salaried and categorized them as exempt under the FLSA.[1]

The Plaintiffs meet all of the requirements under the FLSA for the provision of notice to potential opt in members. There is a readily identifiable group of approximately 100 employees who would be entitled to participate in this action. Further, nearly one-quarter of those individuals have already filed opt in forms, thereby clearly demonstrating that there is a significant group of individuals who have a strong interest in pursuing this matter. The claims of the Plaintiffs with respect to the core issue as to whether they have been improperly exempted from the requirements of the FLSA is the same for all members and is determinable from company-wide policies and not individualized circumstances. While the calculation of the actual overtime due each potential Plaintiff, would require analysis of the amount of overtime that individual worked, the courts are unanimous that this is not a basis for denying collective certification, as this would make any overtime case noncertifiable. Moreover, since it is Defendant's obligation to maintain a record of overtime hours, Defendants should not be

---

[1] Just two weeks ago, in response to the filing of this law suit and unsuccessful mediation efforts, the Defendant has now classified all of these employees as non-exempt. See Ex. 1 annexed hereto.

permitted to benefit from their own violation of law by claiming that calculating the actual overtime of the Plaintiffs would be too individualized.[2]

## II. STATEMENT OF FACTS

Carl Zeiss Meditec, Inc. (CZMI) is a United States subsidiary of a German based medical technology company specializing in ophthalmology equipment and ear/nose/throat surgical microscopes. (See Plaintiffs' Affidavits, attached hereto as Exhibit 2, ¶3). The company's United States headquarters is located in Dublin, California. Id. The company manufactures and distributes specialty ophthalmology, neurology and ear/nose/throat surgical equipment used in neurosurgery. Id. CZMI sells directly to ophthalmology clinics, private practices, and hospitals around the country. Id. at ¶4. It employees a network of FSEs nation-wide to service its equipment. Id. Some FSEs are responsible for the repair of ophthalmology equipment and some are dedicated to surgical microscope equipment. Id. All of the FSEs work out of their homes and are assigned a territory. Id. at ¶1. Most of the Plaintiffs have been employed by CZMI for a substantial period of time. Id. at ¶2.

It is undisputed that prior to 2003 all of the FSEs were categorized as hourly employees and all were paid an hourly rate plus overtime under the FLSA. Id. at ¶14. In 2003, CZMI made the decision to convert all of the FSEs to exempt status. Id. at ¶¶14, 15.

Each of the FSEs has the same primary duty – the repair and maintenance of CZMI medical equipment. Id. at ¶14. To accomplish this purpose the FSEs must do the following on a

---

[2] See Eggleston v. Chicago Journeymen Plumbers Local Union No. 130, 657 F.2d 890, 895 (7th Cir. 1981) (commenting on the fact that when Defendant seeks to prevent certification based upon whether "the representative parties will fairly and adequately protect the interests of the class . . . it is a little bit like permitting a fox although with pious countenance, to take charge of the chicken house".)

daily or weekly basis: (a) answer and respond to emails and phone calls from customers and from the main office relating to CZMI equipment, and potential repairs and maintenance; Id. at ¶12; (b) travel to the various medical offices, hospitals, etc. where the equipment is maintained or located; Id. at ¶18; (c) utilize manuals, computerized information, and prior knowledge, to fix, repair, or maintain the equipment at the customer's location; (d) order parts necessary for repairs and maintenance and pack up and send back to the company defective or unused parts; Id. at ¶7. (e) review manufacturers' manuals, bulletins, and other information to keep updated knowledge on repair and maintenance requirements of the equipment; Id. and, in addition, on a less frequent basis, the FSEs travel to and attend conferences and seminars relating to the repair and upkeep of this medical equipment. Id. at ¶9.

Most of the FSEs drive to their appointments using their personal car or a company van. Id. at ¶1. All of the FSE's work full time. Id. at ¶13. Because they have been considered exempt prior to March 21, none were paid any overtime (Id. at ¶15) although on many weeks they worked more than 40 hours per week (although not necessarily every week). Id. at ¶13.

To date, the FSEs have shown an extraordinary interest in this case. The parties estimate that there are approximately 100 present and former FSEs within the relevant statute of limitations for this case. To date, there are 30 opt-in Plaintiffs, including nine (9) named Plaintiffs. Thus, nearly one-third of all eligible FSEs have already opted in to this case.

### III.    THE LEGAL STANDARD FOR OBTAINING CONDITIONAL CERTIFICATION UNDER THE FLSA

The FLSA allows an employee to bring an action on his or her own behalf and on behalf of all others "similarly situated". 29 U.S.C. §216(b). However, putative participants in the

FLSA collective action must affirmatively "opt in" to be covered by the suit. Kane v. Gage Merchandising Services, 138 F.Supp 2d, 212, 214 (D. Mass. 2001); Hipp v. Liberty National Life Insurance Company, 252 F.3d 1208, 1217 (11th Cir. 2001). The statute of limitations for each putative potential class member is not tolled until he or she individually opts in to the litigation. 29 U.S.C. §216(b). To address the problem of FLSA rights made stale through lack of knowledge, the United States Supreme Court held in Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989) that the courts would be justified in facilitating the issuance of a notice (at the beginning of the litigation) to potential opt in plaintiffs of the pending FLSA action. Kane v. Gage Merchandising, 138 F.2d at 214. This court approval and facilitation of notice serves the goals of "avoiding a multiplicity of duplicative suits and setting cut off dates to expedite disposition of the action" Hoffman-LaRoche, 439 U.S. at 171.

Based upon Hoffman-LaRoche, there is now a large body of case law setting forth the standards to be applied in determining whether or not to conditionally certify an FLSA class recognizing that such conditional certification simply serves the purpose of affording notice to potential plaintiffs. In deciding whether to grant §216(b) notice, the Courts in this circuit follow the general two-step analysis followed by most other circuits. Prescott v. Prudential Insurance Company, 2010 WL 2985925, *4-5 (D. Me. 2010); Kane v. Gage Merchandising, 138 F.Supp at 215. The plaintiffs must first demonstrate that there are similarly situated potential class members who exist. See Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996); Reves v. Alliant Tech Systems, Inc., 77 F.Supp. 2d, 242 (D. R.I. 1999).

At the first stage of this process, which usually takes place before discovery, the court employs a "fairly lenient" test to determine whether there appear to be a group of similarly situated plaintiffs. Trezvant v. Fidelity Employer Services Corp. 443 F.Supp 2d 40, 43 (D. Mass.

2006); Poreda v. Boise-Cascade, 532 F.Supp 2d 234, 238 (D. Mass. 2008). At this stage, the Plaintiffs need to make a "modest factual showing that [they] and other employees with similar, but not necessarily identical jobs, suffer from a common . . . .policy or plan". Prescott, 2010 WL 2985925 at *5; Comer v. Walmart Stores, Inc., 454 F.3d 544, 547 (6th Cir. 2006). Hipp, 252 F.3d at 1218. The reason that this standard is "lenient" is that "later when discovery is complete, an employer may move to decertify the collective action". Prescott, supra, at *5. This becomes the second stage, and the court must then make a factual determination as to whether there are similarly situated employees who have opted in, and if so whether the certification should stand under a more rigorous scrutiny. Sandoz v. Cingular Wireless, 533 F.3d 913, 916 (5th Cir. 2008). If the court finds that the employees are not then similarly situated, it could decertify the class and may dismiss the opt in plaintiffs without prejudice. Id. Plaintiffs emphasize that the purpose of conditional certification is simply to foster the provision of notice to potential class members so that they are informed of their rights since the FLSA requires class members to opt in. Hoffman-LaRoche, supra at 169.

While most courts do not require it, this particular court has held that there must be a showing that putative class members are interested in joining this action and that there actually exists a similarly situated group of potential plaintiffs who may do so. O'Donnell v. Robert Half International, Inc., 429 F.Supp 246, 250 (D. Mass. 2006). In the present case, this is not a seriously disputed question. First and foremost, there are currently nine (9) named Plaintiffs and at least 30 "opt in" Plaintiffs, including Plaintiffs who have opted in from virtually every part of the country. (See Exhibit 2). This is well beyond the normal minimal showing of interest necessary to maintain a collective action under the FLSA.

Moreover, in this case, conditional certification is particularly appropriate because (1) all of the Plaintiffs are similarly situated in that they hold the same basic job title, and they are all subject to the same national policy that has caused this lawsuit – that in 2003 their status was all changed to "exempt" under the overtime provisions of the FLSA.  See <u>Robinson v. Empire Equity Group</u>, 2009 WL 4018560, *2 (D. Md. 2009) (persons "are similarly situated" when they "raise a similar legal issue as to coverage, exemption, or nonpayment of wages").  <u>Adams v. Inter-Con Systems</u>, 242 F.R.D. 530, 535 (N.D. Cal. 2007) (group is "similarly situated" if they can show that a "single illegal policy, plan or decision" is at the root of their complaint).  Thus, the named Plaintiffs can meet their "similarly situated" obligation by demonstrating a "common policy or practice that is applicable to all".  <u>Molloy v. Fleischman & Associates</u>, 2009 WL 1585979, *2-3 (S.D. N.Y. 2009).  In many of these cases, that common policy is the very fact that the employer has categorized all of the putative class of employees as being exempt from overtime under the FLSA.  <u>Jirak v. Abbott Laboratories</u>, 566 F.Supp 2d 845, 848-849 (N.D. Ill. 2008) ("it is disingenuous for defendants to argue that they should be permitted to treat all [employees] as one group for purposes of classifying them as exempt, but that this court can only determine the validity of that classification by looking to the specific job duties of each individual").

Accordingly, at this stage of the conditional certification process, where the Plaintiffs have (1) demonstrated that there is a large group of FSEs who are similarly situated, have been classified as exempt for overtime purposes, have substantially identical job duties, and have provided a strong showing of interest, conditional certification is clearly appropriate.

It is anticipated that CZMI might argue that individual differences in damages, or even whether some of the Plaintiffs suffered damages makes conditional certification inappropriate.

However, the courts are unanimous that "individual differences in damages are not to be considered when ruling on conditional certification" and "will not defeat conditional class certification".  Gieseke v. First Horizon Home Loan Corporation, 408 F.Supp 2d 1164, 1168 (D. Kan. 2006); Sanchez v. LaCocina Mexicana, Inc., 2010 WL 2653303 at *1 (S.D. N.Y. 2010) (even though there may be some differences in the calculation of damages those differences are not sufficient to preclude conditional certification.)  Thiessen v. General Electric Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001) (the fact that each Plaintiff may be due a different amount in damages does not affect whether they were together the victims of a single decision, policy, or plan, that permits collective certification).  In this case, Plaintiffs concede that the amount of damages, i.e., overtime, will vary from individual to individual.  But in all such cases where employees were misclassified as exempt, every collective action faces that same hurdle, and it has not prevented conditional certification.

### IV.   THE COURT SHOULD PERMIT THE NOTICE ATTACHED TO THIS MEMORANDUM TO BE SENT TO CZMI FSEs AND REQUIRE DEFENDANT TO PRODUCE A LIST OF THE LAST KNOWN NAMES, ADDRESSES, AND EMAILS OF PUTATIVE MEMBERS OF THIS COLLECTIVE ACTION

If the Court decides that a collective action should be conditionally approved, the Court has managerial responsibility to oversee the joinder of additional parties to ensure that the task is accomplished in an "efficient and proper way".  Hoffman-LaRoche, 493 U.S. at 170-71.  The Court should review and approve an appropriate notice to potential plaintiffs ensuring that the notice is not an endorsement of any action and that the letter is factual and fair in all respects.

  The Plaintiffs have drafted and attached for this Court's review a Notice and Opt-In form informing potential plaintiffs of their rights. (See Exhibit 3 annexed hereto). The Plaintiffs ask that the Court approve this Notice.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | LARRY COOK, ROBERT WEIR, PAUL BLASZYK, THOMAS MCCARTIN, ROBERT BASSETT, STEVEN HAZZARD, MICHAEL APFFEL, THOMAS NECAISE AND JEFFREY SMOLIK, **Plaintiffs**, By their attorneys, |
|  | /s/ Harold L. Lichten |
|  | Harold L. Lichten BBO# 549689 |
|  | Shannon Liss-Riordan BBO#640716 |
|  | Ian O. Russell BBO#683387 |
|  | LICHTEN & LISS-RIORDAN, P.C. |
|  | 100 Cambridge Street, 20th Floor |
|  | Boston, MA 02114 |
| Dated:  March 30, 2011 | (617) 994 5800 |

## CERTIFICATE OF SERVICE

 I hereby certify on March 30, 2011, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

                   /s/ Harold L. Lichten